IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE G. GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) | PLAINTIFF DEMANDS |
| | ) | TRIAL BY JURY |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOSE G. GOMEZ, by and through his attorneys, WHITING LAW GROUP, LTD., and complaining of the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., states as follows:

## COUNT I- JURISDICTIONAL ALLEGATIONS

1. Plaintiff, JOSE G. GOMEZ, is and at all times relevant to this matter a resident of Riverside County, California.

2. Defendant, FEDEX GROUND PACKAGE SYSTEMS, INC., is a Delaware corporation with its principal place of business in Moon Township, Pennsylvania.

3. At all relevant times, the Defendant, FEDEX GROUND PACKAGE SYSTEMS, INC. conducted business as a motor carrier of property in interstate commerce and other authorities subject to the jurisdiction of and regulation by the United States Department of Transportation ("DOT"), Federal Highway Administration ("FHWA"), Surface Transportation Board ("STB"), transporting property, for-hire, between points in the United States including points and places in the State of Illinois.

4. Pursuant to Federal Regulations, Defendant, FEDEX GROUND PACKAGE SYSTEMS, INC.'s transportation of property between points in several starts subjects it to the jurisdiction of the Department of Transportation. Pursuant to Federal Regulations, FEDEX GROUND PACKAGE SYSTEMS, INC. shall designate an agent by name and address in each state into or through which it operates upon whom process issued by a court with subject matter jurisdiction may be served in an action against such carrier. According to FEDEX GROUND PACKAGE SYSTEMS, INC.'s filing with the Illinois Secretary of State, FEDEX GROUND PACKAGE SYSTEMS, INC. has designated CT Corporation System at 208 S. LaSalle Street, Suite 814, Chicago, Illinois for service of such process in the State of Illinois.

5. This action is properly before this Court due to the jurisdiction over the parties, in that the Plaintiff is domiciled in California and the Defendant is a corporation of the state of Delaware with its principal place of business in Pennsylvania.

6. No Plaintiff or Defendant is a citizen of the same state.

7. The Court has jurisdiction over this controversy under 28 U.S.C. 1332 since there is complete diversity among the parties and the damages suffered by the Plaintiff far exceeds $75,000.00, the jurisdictional minimum of this court.

## COUNT II- NEGLIGENCE

1. On and prior to January 14, 2014, I-74 was a public interstate running east and west at or near mile post 40, in the Township of Rio, County of Knox, State of Illinois.

2. At said time and place, the Plaintiff, JOSE G. GOMEZ, was a passenger lawfully traveling westbound on I-74 in a tractor and trailer operated by Marco A. Diaz.

3. At said time and place, the tractor and trailer operated by Marco A. Diaz was owned, maintained, controlled, and managed by the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC.

4. At said time and place, while operating the tractor and trailer owned by Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., in furtherance of the business of FEDEX GROUND PACKAGE SYSTEM, INC., and under the rules, directions, and requirements of FEDEX GROUND PACKAGE SYSTEM, INC., Marco A. Diaz lost control of the tractor and trailer causing it to leave the roadway and roll over.

5. At said time and place, it was the duty of the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., to exercise ordinary care in the possession, control, maintenance, and operation of its tractor and trailer and its business operations to prevent injury to others, including the Plaintiff, JOSE G. GOMEZ.

6. At said time and place, notwithstanding its aforesaid duty, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was then and there guilty of one or more of the following acts and/or admissions:

    a. Failed to maintain the tractor and trailer so it was in a safe operating condition;
    b. Implemented incentives and programs that required drivers to engage in unsafe driving practices by driving longer, faster, and in hazardous conditions;
    c. Failed to exercise due care in the selection of its carriers and drivers;
    d. Failed to provide effective safety programs and training; and
    e. Failed to reasonably exercise its supervisory control.

7. As a direct and proximate result of one or more of the aforesaid negligent acts and or omissions of the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., the Plaintiff, JOSE G. GOMEZ, suffered and will continue to suffer serious physical and emotional injuries,

pain and suffering, loss of normal life, disfigurement, and incurred and will continue to incur lost wages and considerable medical expenses.

WHEREFORE, the Plaintiff, JOSE G. GOMEZ, respectfully requests judgment against the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., in an amount in excess of the jurisdictional limits of this Honorable Court and all other relief this Court deems appropriate.

### COUNT III- RESTATEMENTS § 414 RETAINED CONTROL

1. On and prior to January 14, 2014, I-74 was a public interstate running east and west at or near mile post 40, in the Township of Rio, County of Knox, State of Illinois.

2. At said time and place, the Plaintiff, JOSE G. GOMEZ, was a passenger lawfully traveling westbound on I-74 in a tractor and trailer operated by Marco A. Diaz.

3. At said time and place, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., had contracted and/or entrusted the work of operating the tractor and trailer driven by Marco A. Diaz and delivering its goods to customers, in furtherance of the business of the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC.

4. At said time and place, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., retained control over the safety of the work being performed by Marco A. Diaz.

5. At said time and place, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., retained control over the means, manner, and operative details of the work being performed by Marco A. Diaz.

6. At said time and place, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., exercised supervisory control over the work being performed by Marco A. Diaz.

7. At said time and place, while operating the tractor and trailer owned by the Defendant, FEDEX GROUND SYSTEM PACKAGE, INC., and in furtherance of the business

of the Defendant, FEDEX GROUND SYSTEM PACKAGE, INC., while under the control of the Defendant, FEDEX GROUND SYSTEM PACKAGE, INC., Marco A. Diaz lost control of the tractor and trailer causing it to leave the roadway and roll over.

8. The Defendant, FEDEX GROUND PACKAGE SYSTEM, INC, had a duty to exercise its supervisory and/or retained control with ordinary care.

9. At said time and place, notwithstanding its aforesaid duty, the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., was then and there guilty of one or more of the following acts and/or admissions:

   a. Failed to maintain the tractor and trailer so it was in a safe operating condition;
   b. Implemented incentives and programs that required drivers to engage in unsafe driving practices by driving longer, faster, and in hazardous conditions;
   c. Failed to exercise due care in the selection of its carriers and drivers;
   d. Failed to provide effective safety programs and training;
   e. Failed to reasonably exercise its supervisory control; and
   f. Failed to supervise or ensure drivers were not driving excessive hours or at excessive speeds.

10. As a direct and proximate result of one or more of the aforesaid negligent acts and or omissions of the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., the Plaintiff, JOSE G. GOMEZ, suffered and will continue to suffer serious physical and emotional injuries, pain and suffering, loss of normal life, disfigurement, and incurred and will continue to incur lost wages and considerable medical expenses.

WHEREFORE, the Plaintiff, JOSE G. GOMEZ, respectfully requests judgment against the Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., in an amount in excess of the jurisdictional limits of this Honorable Court and all other relief this Court deems appropriate.

/s/ Timothy M. Whiting
Timothy M. Whiting
Illinois ARDC No. 06230517
Attorney for the Plaintiff,
JOSE G. GOMEZ

WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, Illinois 60601
Phone: (312) 372-1655
Fax: (312) 279-1111
Email: twhiting@wlglaw.net